## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Larnelon Shipping Ltd., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION _____ |
| vs. | § | |
| | § | IN ADMIRALTY, Rule 9(h) |
| Lord Energy SA, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| Repsol Trading SA, | § | |
| | § | |
| Garnishee. | § | |

## VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF
## PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Larnelon Shipping Ltd. ("Larnelon") brings this action against Lord Energy SA ("Lord Energy") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishee Repsol Trading SA and states as follows:

### Jurisdiction and Venue

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2.      Venue is proper in this District because the Garnishee is within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3.      Venue is also proper in this District because Defendant's property is or soon will be in this District.

- 1 -

4.     Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

5.     Larnelon is a corporation duly organized under the laws of Liberia.  Larnelon owns the M/T DIAMONDWAY, IMO No. 9742895, an ocean-going tanker vessel (herein, the "Vessel").

6.     Lord Energy is located in Switzerland, and is or was an entity which chartered ocean going vessels, including the Vessel.  Lord Energy as set out below entered into a lease (charter party, herein, "Charter") for the Vessel, but has failed or refused to pay Larnelon as the Charter requires.

7.     Garnishee Repsol Trading SA ("Repsol Trading") is an entity with offices or agents located in this District which, on information and belief as detailed below, Larnelon reasonably believes holds accounts which are the property of and/or owing to Lord Energy.

### Facts

8.     Larnelon and Lord Energy on July 6, 2018 entered into a Charter for the Vessel. The Charter required that Lord Energy pay for demurrage and port expenses associated with Lord Energy's Charter of the Vessel.

9.     At the conclusion of the Charter, Lord Energy owed Larnelon USD132,189.56 in unpaid port expenses and demurrage.  Larnelon invoiced Lord Energy for this amount.  This amount remains unpaid and due from Lord Energy to Larnelon.

10.     Lord Energy, however, had arranged with Repsol Trading for the carriage of cargo, namely, petroleum products, aboard the Vessel and had billed Repsol Trading for the freight and related charges for that cargo.  In an attempt to satisfy at least the amounts which Lord Energy owes Larnelon, Lord Energy assigned to Larnelon, the amounts owed by Repsol

Trading to Lord Energy.  Repsol Trading, however, has refused to recognize the assignment and therefore has not paid Larnelon the amounts which Lord Energy has assigned and therefore still owes those amounts; Larnelon remains unpaid by (or on behalf of) Lord Energy.

11.     Lord Energy is in default of the Charter and consequently owes Larnelon at least the USD132,189.56 in unpaid port expenses and demurrage due and overdue, and in addition, contractual interest, attorneys' fees and costs as provided in the Charter.  These further amounts total or will by the time of final judgment total at least USD 70,000.

## Count I – Breach of Maritime Contract

12.     Larnelon incorporates the above paragraphs as if fully set forth herein.

13.     Lord Energy breached its maritime contract with Larnelon as set out above. Despite repeated demand, Larnelon remains unpaid.

14.     Larnelon therefore demands judgment, as set out more fully below.

## Count II: Maritime Attachment and Garnishment (Rule B)

15.     Larnelon incorporates the above paragraphs as if specifically set forth herein.

16.     Larnelon seeks issue of process of maritime attachment so that it may obtain payment for the amounts due to it under the Charter.

17.     No security for Larnelon's claims has been posted by Lord Energy or anyone acting on its behalf to date.

18.     Lord Energy cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to Garnishee Repsol Trading.

## Prayer for Relief

WHEREFORE, Larnelon prays:

A.      That in response to Count I, judgment be entered against Lord Energy, and in favor of Larnelon, in the amount of at least **USD 202,189.56** (principal of USD 132,189.56, attorneys' fees, costs and interest of USD 70,000);

B.      That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Lord Energy's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Larnelon's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C.      That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D.      That this Court award Larnelon such other and further relief that this Court deems just and proper.

Dated:  May 29, 2019.

/s/ *J. Stephen Simms*
J. Stephen Simms ( *pro hac vice* pending)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Telephone:     410-783-5795
Facsimile:       410-510-1789
jssimms@simmsshowers.com

Attorneys for Larnelon Shipping Ltd.

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District, and of the Texas Secretary of State.  There is no record of any general or resident agent authorized to accept service of process for Lord Energy in this District.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2019.

/s/ *J. Stephen Simms*
J. Stephen Simms